**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ISAIAS GARCIA,**

**Plaintiff,**

**v.** **CASE NO.:**

**TATA CONSULTANCY SERVICES LIMITED,**

**Defendant.**

______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Isaias Garcia ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant Tata Consultancy Services Limited ("Defendant" or "TCS"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. Section 2601 *et seq*. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 and 29 U.S.C. Section 2617(a)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because Plaintiff worked primarily in this District, Defendant conducts substantial business here, and the unlawful employment practices giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida, and he worked for Defendant in Hillsborough County, Florida.

5. Defendant, Tata Consultancy Services Limited, is a foreign corporation authorized to do business in Florida and engaged in interstate commerce in Florida and in this judicial District.

## GENERAL ALLEGATIONS

6. At all relevant times, Defendant was Plaintiff's employer within the meaning of the FMLA and employed fifty or more employees for each working day during twenty or more calendar workweeks in the current or preceding calendar year.

7. At the time Plaintiff requested FMLA leave, he had been employed by Defendant for at least twelve months, had worked at least 1,250 hours during the preceding twelve months, and worked at a location at which Defendant employed at least fifty employees within seventy-five miles.

8. Plaintiff was therefore an "eligible employee" within the meaning of the FMLA, 29 U.S.C. Section 2611(2).

9. Defendant was at all relevant times an "employer" within the meaning of the FMLA, 29 U.S.C. Section 2611(4).

10. Plaintiff has satisfied all conditions precedent to the filing of this action, or such conditions have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. TCS is a global information technology services and consulting company that provides professional and technology-related services to clients throughout the United States and worldwide.

14. Plaintiff was employed by TCS as a consultant supporting its North American practice from approximately July 2023 until December 15, 2025, and, at the time of his termination, earned approximately $129,000 annually.

15. In this role, Plaintiff provided consulting and technology-related services on project-based assignments for TCS's clients, subject to TCS's direction, supervision, and control.

16. Plaintiff performed his job duties remotely while residing and working in Apollo Beach, Hillsborough County, Florida, and reported to supervisors and managers designated by TCS.

17. At all relevant times, Plaintiff met TCS's legitimate performance expectations and was not subject to discipline, counseling, or any performance improvement plan.

18. In or around July 2025, Plaintiff required time off from work due to a serious health condition within the meaning of the FMLA.

19. Plaintiff requested and was approved for FMLA-protected medical leave.

20. Plaintiff remained on approved FMLA leave through approximately October 2025.

21. While Plaintiff was on approved FMLA leave, Defendant contacted Plaintiff on multiple occasions regarding work-related matters, including requests related to company equipment.

22. Plaintiff returned from FMLA leave in or around October 2025 ready, willing, and able to resume his duties.

23. Upon Plaintiff's return, Defendant refused to assign Plaintiff to any project or provide him with meaningful work.

24. Plaintiff affirmatively requested project assignments and sought to resume work.

25. Defendant refused to restore Plaintiff to the position he held before his job-protected leave or to an equivalent position. Upon information and belief, consulting projects for which Plaintiff was qualified remained available when he returned from leave.

26. Plaintiff was not informed that he had any performance issues and he was not given an opportunity to improve or transition to another assignment.

27. On or about December 15, 2025, Defendant informed Plaintiff that his employment was being terminated.

28. Defendant informed Plaintiff that he was being terminated because he had not been assigned to a project.

29. Defendant's termination of Plaintiff occurred shortly after his return from FMLA leave, and after Defendant refused to reinstate him to his prior position and repeatedly denied him work opportunities.

30. Defendant's stated reasons for terminating Plaintiff were pretextual.

31. Defendant terminated Plaintiff because he exercised his rights under the FMLA.

32. Plaintiff has made reasonable efforts to mitigate his damages by seeking replacement employment.

33. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and other monetary losses.

**COUNT I – FMLA INTERFERENCE**

34. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Plaintiff was an eligible employee under the FMLA.

36. Defendant was a covered employer under the FMLA.

37. Plaintiff exercised his right to take job-protected medical leave under the FMLA.

38. Defendant interfered with Plaintiff's FMLA rights by, among other things:

a. Failing to restore Plaintiff to the same or an equivalent position upon his return from leave;
b. Denying Plaintiff meaningful work assignments;
c. Contacting Plaintiff regarding work matters while he was on protected leave; and
d. Terminating Plaintiff's employment following his return from FMLA leave.

39. As a direct and proximate result of Defendant's interference, Plaintiff suffered lost wages, lost benefits, and other damages.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all

benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(d) Front pay;

(e) Liquidated Damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as this Court deems just and equitable.

**COUNT II – FMLA RETALIATION**

40. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

41. Plaintiff engaged in protected activity under the FMLA by requesting and taking approved medical leave.

42. Defendant subjected Plaintiff to adverse employment actions, including denying him work assignments and terminating his employment.

43. Defendant would not have denied Plaintiff work assignments or terminated his employment but for Plaintiff's exercise of his rights under the FMLA.

44. Defendant's retaliatory actions were willful and taken with reckless disregard for Plaintiff's rights under the FMLA.

45. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff suffered lost wages, lost benefits, and other damages.

***WHEREFORE***, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated September 25, 2026.

Respectfully submitted,
*/s/Ashwin Trehan*

**ASHWIN R. TREHAN**, **Lead Counsel**
Florida Bar No.: 42675
**CANTRELL SCHUETTE, P.A.**
3350 Buschwood Park Drive, Ste. 195
Tampa, FL 33618
Phone No.: (813) 519-0791
Email: atrehan@lawcantrell.com
Email: ergservice@lawcantrell.com
***Attorneys for Plaintiff***